# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 2:05-cr-073-RLH-VCF |
| vs. ) | **O R D E R** |
| ) | (Motion for Indigent Status–#164) |
| JASON KINDLE, ) | |
| Defendant. ) | |

Before the Court is Defendant Jason Kindle's Motion for Indigent Status (#164, filed April 20, 2012). The Motion will be denied for the following reasons:

Defendant seeks a copy of the transcripts from his "2010-Revocation Hearing." The purpose is to file a civil lawsuit against the Probation Department of the Federal Court. The record, and the Court's memory reflect that Defendant waived his right to a hearing and admitted (under oath) the violation (he had been convicted of battery, domestic violence) in the petition. He had counsel at that hearing, having previously been determined to be indigent, who counseled him and who spoke on his behalf. The only argument was on the sentence. The Court ordered incarceration for 10 months, to be followed by two years of supervised release, during which he was to have no contact with the victim. Four months later, the Court modified the conditions of supervision, upon Defendant's request. He has since been found to have violated his conditions of supervised release and was ordered to surrender (after several extensions) on March 12, 2012. Throughout the foregoing, Defendant has been considered indigent and was provided counsel.

1

It appears that Defendant wants to bring a lawsuit against the Probation Office and seeks indigent status to obtain a transcript of the "hearing" of his penultimate violation of supervised release to do so. This is the incorrect forum to make that request. A request for indigent status for a civil suit should be made in the civil suit when filed, then, if granted, a request for a transcript in the criminal case. However, Defendant should be informed that just being declared an indigent litigant, does not guarantee that he can obtain transcripts free of charge in a civil case. It is different from a criminal case. Furthermore, there is nothing in the record, or in the motion, which would justify a lawsuit against the Probation Office or any of its officers. Their duty is to the Court, not the Defendant. Any lawsuit against a Probation Officer because of actions taken in connection with a violation of supervised release would be frivolous and subject to immediate dismissal.

Finally, the Probation Office, and its officers, are officers of the Court and enjoy immunity from suit similar to the Court and other officers of the Court. For that reason also, any suit under these circumstances would be subject to summary dismissal.

IT IS THEREFORE ORDERED that Defendant's Motion for Indigent Status (#164) in this case is DENIED.

Dated: May 10, 2012.

_____
**Roger L. Hunt**
**United States District Judge**